## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**IN RE: BARBARA DUROSER,**
**a/k/a BARBARA DUROSIER**

**1:15-cv-1810-WSD**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Barbara Duroser's ("Appellant" or "Debtor") Appeal [1.3] and Amended Appeal [2.3] from the April 28, and May 19, 2015, Orders of the United States Bankruptcy Court for the Northern District of Georgia. In its April 28th Order [Bankr. 9],[1] the Bankruptcy Court denied Debtor's Application for Waiver of the Chapter 7 Filing Fee and directed her to pay the filing fee, in full, within ten (10) days. In its May 19th Order [Bankr. 12], the Bankruptcy Court dismissed Debtor's bankruptcy petition for failure to pay the filing fee.

Also before the Court is Debtor's "Affidavit of Indigence Pursuant to 28 U.S.C. § 1915," which the Court construes as an Application to Appeal *in forma pauperis* ("IFP Application") [2.5].

---

[1] The Court uses "[Bankr. ]" to refer to documents filed with the Bankruptcy Court.

## I.    BACKGROUND

Debtor has a lengthy litigation history in this Court and the Bankruptcy

Court.  In addition to her current appeal in this bankruptcy action, Debtor, *pro se*

and seeking to proceed *in forma pauperis* ("IFP"), has initiated no fewer than nine

(9) cases in this Court, all of which have been dismissed as frivolous or for failure

to comply with a court order.[2]  Debtor has also filed at least five (5) previous

petitions for relief under the United States Bankruptcy Code:

---

[2]     See Durosier v. Equity One Mortg. Inc., No. 1:08-mi-335-BBM (filed
Sept. 24, 2008; IFP application denied Oct. 1, 2008; motion for reconsideration of
IFP status denied for failure to complete IFP form and because action appeared
frivolous, Nov. 4, 2008; dismissed for failure to pay filing fee Feb. 18, 2009);

In seven (7) cases, Debtor removed to this Court state court dispossessory
actions, all of which the Court remanded for lack of subject matter jurisdiction.
Four (4) of the cases involved possession of real property located at 1560
Heatherglade Lane, Lawrenceville, Georgia.  See Bank of New York v. Durosier,
No. 1:08-cv-3831-RWS (removed Dec. 9, 2008; remanded Jan. 14, 2009; motion
to appeal IFP denied Feb. 6, 2009; appeal dismissed by 11th Cir. Mar. 31, 2009);
No. 1:09-cv-554-RWS (removed Feb. 12, 2009; remanded July 14, 2009;
reconsideration denied Aug. 18, 2009); No. 1:10-cv-3189-ODE (removed Oct. 5,
2010; remanded Nov. 9, 2010; motion to reopen and petition to void order denied
Nov. 30, 2010; fine of $1,000 imposed for failure to appear at hearing to show
cause why she should not be sanctioned for filing frivolous cases; appeal dismissed
by 11th Cir. Mar. 10, 2011); No. 1:10-cv-3961-ODE (removed to M.D. Ga. Dec. 3,
2010; transferred to this Court Dec. 6, 2010; remanded Dec. 8, 2010; second IFP
application and leave to amend notice of removal denied Dec. 14, 2010).

Two (2) of the dispossessory cases improperly removed sought possession
of property located at 60 Camerons Way, Covington, Georgia, see Midfirst Bank
v. Chambers, et al., No. 1:10-cv-1942-ODE (removed June 23, 2010; remanded
July 20, 2010); No. 1:10-cv-3654-ODE (removed Nov. 9, 2010; remanded Dec. 1,
2010).  In Citibank, N.A. v. Johnson, Debtor removed to this Court a dispossessory

On November 23, 2009, Debtor filed a Chapter 13 bankruptcy petition and the Bankruptcy Court permitted Debtor to pay the filing fee in installments.  On January 14, 2010, Debtor's petition was dismissed for failure to timely pay the second installment payment.  In re Durosier, No. 09-90959 (Bankr. N.D. Ga.).

On October 28, 2010, Debtor filed a Chapter 7 bankruptcy petition.  On November 3, 2010, before her motion to waive the filing fee was decided, Debtor

---

action regarding property located at 430 Chandler Bluff Court, Georgia.  See No. 1:14-cv-1784-WSD (removed June 9, 2014; remanded Oct. 7, 2014).

Debtor also removed to this Court a state court criminal action charging Debtor with driving with a suspended registration and failure to register a vehicle, which the Court remanded for lack of jurisdiction.  See State of Georgia v. Barbara Durosier, a.k.a. Estelle Durosier, No. 1:11-cv-1953-ODE (removed June 13, 2011; remanded July 22, 2011).

Although the Court has determined that she may not proceed IFP and admonished her for filing meritless actions solely to cause unnecessary delay, Durosier has never paid a filing fee or posted a bond, as required by the Court in at least two orders.  See No. 1:08-cv-3831 ("Defendant is advised that her attempted removal appears to be meritless and to have been filed solely to cause unnecessary delay in the state court proceeding.  If [she] files further pleadings in this case or in other matters solely for purposes of delay monetary sanctions may be imposed."); No. 1:09-cv-554 (ordering that Durosier "not file further actions in this Court involving [the Heatherglade Lane property] without posting a $10,000 bond); No. 1:10-cv-3189 (ordering Durosier to show cause why she should not be held in contempt and sanctioned because of her "failure to comply with repeated, clear instructions as to her dispossessory proceedings;" finding her in contempt for failure to appear at hearing and imposing $1,000 fine); No. 1:10-cv-3654-ODE (directing clerk not to accept new filings concerning Camerons Way property unless accompanied by full filing fee and bond).  To avoid these filing restrictions, Durosier has used the names "Barbara Durosier," "Estelle Durosier," and "Barbara Duroser," and she attempted to remove an action from the Magistrate Court of Gwinnett County to the Middle District of Georgia, which was transferred to this Court where venue was proper.

3

voluntarily dismissed her case.  In re Durosier, No. 10-92028 (Bankr. N.D. Ga.).[3]

On April 14, 2011, Debtor filed a Chapter 13 bankruptcy petition.  On
April 18, 2011, the Bankruptcy Court denied Debtor's application to pay the filing
fee in installments, based on Debtor's failure to pay the filing fees in her prior
cases.  On April 26, 2011, Debtor's case was converted to Chapter 7 and on
June 1, 2011, the Court granted Debtor's application to waive the filing fee.  On
June 24, 2011, Debtor's case was dismissed for twice failing to appear for the
meeting of creditors.  In re Durosier, No. 11-61625 (Bankr. N.D. Ga.).

On October 3, 2013, Debtor filed a Chapter 13 bankruptcy petition.  On
October 7, 2013, the Bankruptcy Court denied her application to pay the filing fee
in installments, again based on Debtor's failure to pay the filing fees in her prior
cases.  On October 15, 2013, Debtor paid the filing fee in full.  On October 25,
2013, she voluntarily dismissed her case.  In re Durosier, No. 13-71795
(Bankr. N.D. Ga.).

On January 21, 2015, Debtor filed a Chapter 7 petition.  On January 26,
2015, the Bankruptcy Court denied her application to waive the filing fee, finding
that Debtor did not qualify for waiver of the filing fee and that she owes
outstanding filing fees from her several previous cases, and ordered Debtor to pay

---

[3]      Because no order was entered waiving the filing fee, the Bankruptcy Court's
records show that there is an outstanding filing fee for this action.

the filing fee within ten (10) days.  Debtor did not pay the filing fee and, instead, filed two (2) motions for reconsideration.  On February 16, 2015, the Bankruptcy Court, having found that Debtor still owes outstanding filing fees from at least two earlier cases, Nos. 09-90959 and 10-92028, denied Debtor's motions for reconsideration.  In re Duroser, No. 15-51210 (Bankr. N.D. Ga.).  On April 15, 2015, the Bankruptcy Court sent Debtor a letter, which states:

> A review of the Court's financial records disclosed that there is an outstanding filing fee of $335.00 for the bankruptcy case filed by you on January 21, 2015.  Upon the filing of a bankruptcy case, the debtor is responsible for the entire filing fee, regardless of the disposition of the case.  Pursuant to Federal Rules of Bankruptcy Procedure, Rule 1006, the outstanding balance on the filing fee remains payable to the Clerk of Court.

Id. at Doc. 26.

On April 22, 2015, Debtor filed her Chapter 7 bankruptcy petition in this action.  On April 28, 2015, the Bankruptcy Court entered its order denying Debtor's Application for Waiver of the Chapter 7 Filing Fee.  The Bankruptcy Court found that "Debtor does not qualify for a waiver of the filing fee" because "Debtor previously filed case nos. 15-51210-CRM, 10-92028-MHM, and 09-90959-MHM," and "Debtor owes outstanding filing fees from those cases." (April 28th Order [Bankr. 9] at 1).  The Bankruptcy Court ordered Debtor to pay the Chapter 7 filing fee in full within ten (10) days, and advised that "[i]f Debtor

fails to timely pay the filing fee . . . this case may be dismissed without opportunity for hearing."  (Id. at 2).

Debtor failed to pay the filing fee or otherwise respond to the Bankruptcy Court's April 28th Order, and on May 19, 2015, the Bankruptcy Court dismissed Debtor's bankruptcy petition for failure to pay the filing fee.  (May 19th Order [Bankr. 12]).

On May 19, 2015, Debtor filed her Notice of Appeal, in which she states that she is appealing "the judgment denying fee waiver request on April 28, 2014 [sic]."  (Notice of Appeal [1]).

On June 1, 2015, Debtor her IFP Application and her "Amended Notice of Appeal," in which she states that she is appealing "the judgment denying fee waiver request on April 28, 2014 [sic] and case dismissal due to nonpayment of chapter 7 fee on May, 19 2015 [sic]."  (Am. Notice of Appeal [2.3]).

## II.    DISCUSSION

### A.    IFP Application

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . or appeal therein, without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

prisoner[4] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The purpose is to provide indigent litigants with equal access to the judicial system. Attwood v. Singletary, 105 F.3d 610, 612 (11th Cir. 1997). A party seeking to proceed *in forma pauperis* must therefore show an inability to prepay fees and costs without foregoing the basic necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342-43 (1948).

Having reviewed Debtor's IFP Application, the Court finds that Debtor meets the financial requirements for IFP status.

B.     Frivolity Review

1.     Legal Standard

A court must dismiss an action filed *in forma pauperis* if at any time the court determines that the action or appeal is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d

---

4       The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

"Arguable means capable of being convincingly argued."  Sun v. Forrester, 939

F.2d 924, 925 (11th Cir. 1991).  Where a claim is arguable, but ultimately will be

unsuccessful, it should be allowed to proceed.  See Cofield v. Ala. Pub. Serv.

Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

      2.   Analysis

To the extent Debtor seeks to appeal the Bankruptcy Court's April 28th

Order, Debtor's appeal is untimely and the Court lacks jurisdiction to consider it.

For an appeal in a bankruptcy action to be perfected, a "notice of appeal shall be

filed with the clerk within 14 days of the date of the entry of the judgment, order,

or decree appealed from."  Fed. R. Bankr. P. 8002(a); see also 28 U.S.C.

§ 158(c)(2) (appeal from bankruptcy court order must be filed "in the time

provided by Rule 8002 of the Bankruptcy Rules").  When an appeal "has not been

prosecuted in the manner directed, within the time limited by the acts of Congress,

it must be dismissed for want of jurisdiction."  Bowles v. Russell, 551 U.S. 205,

210 (2007) (quoting United States v. Curry, 47 U.S. 106, 113 (1848)).  The filing

of an appeal within the prescribed time is "mandatory and jurisdictional."  Bowles,

551 U.S. at 209 (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61

(1982) (per curiam)); Williams v. EMC Mortg. Corp. (In re Williams), 216 F.3d

1295, 1298 (11th Cir. 2000) ("If the notice [of appeal] is not timely filed, the appellate court is without jurisdiction to hear the appeal.").

Here, the fourteen day period within which to appeal the Bankruptcy Court's April 28th Order expired, at the latest, on May 12, 2015.  See Fed. R. Bankr. P. 8002(a); Fed. R. Bankr. P. 9006(a) (when period is stated in days, count every day, including intermediate Saturdays, Sundays, and legal holidays); Fed. R. Bankr. P. 9022 ("Lack of notice of the entry [of an order] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002."); In re B.J. McAdams, Inc., 999 F.2d 1221, 1225 (8th Cir. 1993) ("[T]he time to file the motions or notice of appeal runs from the entry of judgment, not from service of notice of the judgment."); In re Reynolds, 215 B.R. 89, 91 (Bankr. N.D. Ga. 1997) (it is well-established that Rule 9006(f) does not add three days to the period to file a notice of appeal under Rule 8002(a), despite the fact that notice of the judgment was mailed) (citing In re Schimmels, 85 F.3d 416, 419-20 & n.4 (9th Cir. 1996)). Because Debtor filed her Notice of Appeal on May 19, 2015, twenty-one (21) days after entry of the order from which she appeals, the Court lacks jurisdiction to consider the appeal.  See Bowles, 551 U.S. at 210 ("[W]hen an 'appeal has not been prosecuted in the manner directed, within the time limited by the acts of

Congress, it must be dismissed for want of jurisdiction.'"); Williams, 216

F.3d 1295, 1298.  Debtor's untimely appeal from the Bankruptcy Court's April

28th Order is required to be dismissed.[5]

---

[5]     Even if the Court had jurisdiction to consider it, the Bankruptcy Court did not abuse its discretion in finding that Debtor does not qualify for waiver of the filing fee due to her outstanding filing fee obligations and denying Debtor's Application to Waive the Filing Fee.  See 11 U.S.C. § 105(a) (bankruptcy court may issue any order, process or judgment necessary or appropriate to prevent abuse of the bankruptcy system); 11 U.S.C. § 109(g)(1) (debtor is not eligible to file for bankruptcy relief for 180 days if a prior case was dismissed for failure to comply with court orders and debtor's failure was willful); In re Domenico, 364 B.R. 418 (Bankr. D. N.M. 2007) (although debtor paid filing fee for Chapter 7 case, his failure to pay outstanding filing fee in prior Chapter 13 case supports dismissal of current Chapter 7 case, under 11 U.S.C. § 707(a)(2), for "nonpayment of any fees and charges required under chapter 123 of title 28"); In re Armwood, 175 B.R. 779, 787-788 (Bankr. N.D. Ga. 1994) (debtor's conduct was "willful," and warranted dismissal where debtor failed to appear at creditor meeting, failed to make payments, and repeatedly filed "skeletal" Chapter 13 petitions); cf. General Order 14-2003, Bankr. N.D. Ga. ("In individual Chapter 7 . . . cases, if Debtor files an application to pay the filing fee in installments and the Court's records show that Debtor has been a Debtor in a prior case in which Debtor failed to pay the full filing fee in installments and then defaulted on that obligation, Debtor will not be permitted to pay the filing fee in installments" and must pay the filing fee in full.).
     To the extent Debtor argues that the Bankruptcy Court improperly denied her Application because her income does not exceed 150% of the poverty line and she is unable to pay the filing fee in installments, nothing in 28 U.S.C. § 1930(f) requires a court to waive the filing fee.  28 U.S.C. § 1930(f) ("bankruptcy court may waive the filing fee in a case under Chapter 7" under certain circumstances) (emphasis added).  The Eleventh Circuit has consistently held that "the right of access to the courts is neither absolute nor unconditional.  Conditions on access are necessary to preserve judicial resources for all persons. . . . [F]iling fees in theory discourage frivolous lawsuits and thus help allocate judicial resources to more meritorious cases."  See In re Owens, 458 F. App'x 836, 838 (11th Cir. 2012) (citations and quotations omitted).

To the extent Debtor seeks to appeal the Bankruptcy Court's May 19th Order dismissing her case for failure to pay the filing fee as directed, Debtor's appeal is frivolous because it is undisputed that the Court ordered Debtor to pay the filing fee in full within ten (10) days, that the Court advised Debtor that the failure to pay the filing fee as directed would result in dismissal of her case without a hearing, and that Debtor failed to pay the filing fee as directed.  Debtor does not explain why she believes the Bankruptcy Court improperly dismissed her case, and Debtor cannot challenge the Bankruptcy Court's April 28th Order directing her to pay the filing fee because, as discussed above, the Court lacks jurisdiction to consider her untimely appeal of that order.  See 11 U.S.C. § 707(a) (court may dismiss a case after notice and a hearing and for cause, including nonpayment of fees); 11 U.S.C. § 105 (bankruptcy court may issue any order, process or judgment necessary or appropriate to prevent abuse of the bankruptcy system; court may take any action necessary or appropriate to enforce or implement court orders or to prevent an abuse of process).  The Court cannot identify any legal issue of arguable merit raised by Debtor.  Debtor's appeal, like her previous filings, constitutes an abuse of the bankruptcy system, and the court system as a whole.  Debtor's appeal is frivolous and required to be dismissed.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Debtor's Application to Appeal *in forma pauperis* [2.5] is **GRANTED** solely for the purpose of dismissal.

**IT IS FURTHER ORDERED** that this Appeal is **DISMISSED AS FRIVOLOUS.**

**SO ORDERED** this 2nd day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE